11/7/2025 10:20 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 107790626
By: Carol Flakes
Filed: 11/7/2025 10:20 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **JOSE MATA** | § | **IN THE _____ JUDICIAL** |
| | § | |
| **V.** | § | **DISTRICT COURT OF** |
| | § | |
| **FEDERAL EXPRESS CORPORATION** | § | **HARRIS COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

COMES NOW Plaintiff, Jose Mata ("Plaintiff"), and files this his Original Petition, complaining of Federal Express Corporation ("Defendant" or "FedEx"), and in support thereof would respectfully show the following:

## I.    <u>DISCOVERY CONTROL PLAN</u>

Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff files this petition under a Level 2 Discovery Control Plan. Plaintiff affirmatively pleads that he seeks monetary relief over $1,000,000 at this time. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Plaintiff makes this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

## II.    <u>PARTIES</u>

Defendant, Federal Express Corporation, is a foreign for-profit corporation conducting business in this state. Federal Express Corporation may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

Plaintiff specifically invokes the right to institute this suit against whatever entities or persons were conducting business using the assumed or common name of "Federal Express Corporation" with regard to the events described in this Petition. Plaintiff expressly invokes his right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time on the motion of any party or of the Court.

---

EXHIBIT
1

### III.  **MISNOMER/ALTER EGO**

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of the parties named herein. Alternatively, Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV.  **JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over this controversy because the damages are within its jurisdictional limits. Venue is proper and maintainable in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) et. al. in that all or a substantial part of the events or omissions giving rise to this cause of action occurred in Harris County, Texas.

### V.  **FACTS**

On August 30, 2024, Jose Mata (then 44-years-old) was walking through the FedEx warehouse located at 8787 Grand Parkway when he struck his head on a low hanging chute. As a result of FedEx's failure to make the premises safe for Mr. Mata, he sustained serious injury.

[see next page]

---



## VI.    CAUSES OF ACTION

**A.    PREMISES LIABILITY**

Defendant owed a legal duty to Plaintiff. Defendant is liable under a premises liability theory because:

    a.    Defendant, its agents, and/or its employees had actual or constructive knowledge of the unreasonably dangerous condition;

    b.    Defendant, its agents, and/or its employees were negligent in failing to adequately warn Plaintiff, or remedy or eliminate the unreasonably dangerous condition; and

    c.    Such negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

Defendant either knew or reasonably should have known that the area where Plaintiff was injured presented a dangerous hazard and an unreasonable risk of harm to users of the premises.

---

Plaintiff's Original Petition

Defendant had a duty to exercise ordinary care to discover the dangerous condition on its premises, and to make its premises safe for reasonable use by Plaintiff and other invitees. Defendant failed to take reasonable steps to discover and correct the hazard and failed to warn Plaintiff of the existence of the hazardous condition although such hazard had existed on the premises for a period of time and should have been discovered and corrected by Defendant. Such indifference and failure of Defendant to act proximately caused the incident made the basis of this lawsuit, and Plaintiff's resulting injuries and damages pled herein. Such conduct was a proximate cause of the injuries and damages sustained by Plaintiff.

**B.     NEGLIGENCE**

Defendant owed a legal duty to Plaintiff. Specifically, Defendant owed a duty to exercise reasonable care in maintaining the premises in a safe condition. On the occasion in question, Defendant, by and through its agents and/or employees, breached the duty owed to Plaintiff, and proximately caused Plaintiff's injuries by:

a.      creating a hazardous condition;

b.      failing to promptly correct the hazardous and unreasonably safe condition;

c.      failing to monitor the condition of the premises;

d.      failing to properly train;

e.      failing to place warn/caution of a hazardous area;

f.      failing to implement adequate safety procedures; and

g.      failing to warn of the existence of a dangerous condition.

Plaintiff did not receive any warnings or training regarding the hazardous condition at the FedEx warehouse prior to the incident and was without fault. Defendant and its agents, servants, and/or employees were responsible for maintaining the safe condition of FedEx warehouse.

---

Plaintiff's Original Petition

At the time of the incident, Defendant controlled the area where the incident occurred. Defendant owed and assumed a duty to provide safe premises. The condition of the premises, and the failure to properly maintain and inspect the premises posed an unreasonable risk of harm of which Defendant had actual or constructive knowledge. Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff and by failing to make the unreasonably dangerous condition safe.

Each of the foregoing acts and omissions, either singularly or in combination, constituted negligence which proximately caused the incident made the basis of this lawsuit, and Plaintiff's resulting injuries and damages pled herein.

## C.    GROSS NEGLIGENCE

Plaintiff will further show that Defendant was grossly negligent as Defendant committed acts or omissions that:

    a.  When viewed objectively from the standpoint of Defendant at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of potential harm to others; and

    b.  of which Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. See TEXAS CIVIL PRACTICE & REMEDIES CODE § 41.001.

In addition, Plaintiff is entitled to punitive damages because the Defendant's conduct was grossly negligent. Defendant's acts and/or omissions constitutes a reckless disregard for the rights of Plaintiff and others similarly situated and demonstrates such a want of care as to constitute a willful, wanton, or reckless disregard for the rights, safety, and the probability and magnitude of the potential harm to Plaintiff and others similarly situated. Defendant was objectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries. Defendant knew or should have known of the risk or risks associated, and Defendant's actions and/or omissions

constitute gross negligence and malice as those terms are understood by law. Therefore, Plaintiff

prays that punitive damages be awarded against Defendant.

## VII.    DAMAGES

As a proximate and producing cause of Defendant's acts and omissions, Plaintiff has

sustained the following damages:

(1)    Medical, hospital, and pharmaceutical charges and expenses in the past;

(2)    Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

(3)    Physical pain and suffering in the past;

(4)    Physical pain and suffering that, in reasonable probability, will be suffered in the future;

(5)    Mental anguish suffered in the past;

(6)    Mental anguish that, in reasonable probability, will be suffered in the future;

(7)    Disability and impairment in the past;

(8)    Disability and impairment that, in reasonable probability, will occur in the future;

(9)    Physical disfigurement in the past;

(10)    Physical disfigurement that, in reasonable probability, will occur in the future;

(11)    Loss of earnings and earning capacity in the past; and

(12)    Loss of earnings and earning capacity that, in reasonable probability, will occur in the future.

As a result of Defendant's actions and/or inactions, Plaintiff brings this lawsuit for

the following damages: Plaintiff seeks both prejudgment and post-judgment interest as allowed

by law, for all costs of court, actual damages, compensatory damages, and all other relief, both in law and in equity, to which Plaintiff may be entitled.

## VIII.    PRESERVATION OF EVIDENCE

Plaintiff hereby requests and demands that Defendant and his agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to photographs; videotapes; audiotapes; recordings; business records, memoranda; files; facsimiles; e-mails; voicemails; text messages; sales receipts; invoices; commission records; tax records; telephone messages; telephone calling card transactions; calendar entries; diary entries; any incident report; and any electronic image, data or information related to the referenced incident. Failure to maintain such items will constitute a "spoliation" of the evidence and may subject Defendant to sanctions.

## IX.    TRCP 193.7 NOTICE

Pursuant to Texas Rule of Civil Procedure 193.7, Defendant is hereby put on actual notice that any documents produced in response to written discovery will be used in pretrial proceedings and at trial and will be deemed authentic unless Defendant makes valid objections to authenticity pursuant to this rule.

## X.    PRAYER

Plaintiff prays that Defendant be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, Plaintiff recovers damages from Defendant in accordance with the evidence; that Plaintiff recovers costs of court herein expended; that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, both prejudgment and post-judgment; that Plaintiff recovers actual damages; that Plaintiff is entitled to recover compensatory damages; and

---

Plaintiff's Original Petition                                                                                    Page 7 of 8

for such other further relief, both general and special, both in law and in equity, to which Plaintiff

may be justly entitled.

                         Respectfully submitted,

                         **ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

                         */s/ Imrana Manzanares*
                         IMRANA MANZANARES
                         State Bar No. 24057978
                         800 Commerce Street
                         Houston, Texas 77002
                         (713) 222-7211 – Telephone
                         (713) 225-0827 – Facsimile
                         imrana@awtxlaw.com

                         **COUNSEL FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Christina Gonzales on behalf of Imrana Manzanares
Bar No. 24057978
cgonzales@awtxlaw.com
Envelope ID: 107790626
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 11/7/2025 11:17 AM CST

Case Contacts

| Name | BarNumber | Email | Timestamp Submitted | Status |
|------|-----------|-------|---------------------|--------|
| Imrana Manzanares | | imrana@awtxlaw.com | 11/7/2025 10:20:31 AM | SENT |
| Christina Gonzales | | cgonzales@awtxlaw.com | 11/7/2025 10:20:31 AM | SENT |